United States District Court
Southern District of Texas
**ENTERED**
May 23, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| DANIEL ("DANNY") SAENZ, | § | |
| (TDCJ #00670646), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-309 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## <u>REPORT & RECOMMENDATION</u>

Petitioner, Daniel Saenz, a state prisoner proceeding *pro se*, initiated this action in August

of 2021 by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (Dkt. No. 1.)   This case

was referred to the undersigned magistrate judge for report and recommendation pursuant to 28

U.S.C. § 636(b).   On February 9, 2022, Respondent filed Respondent Lumpkin's Motion for

Summary Judgment with Brief in Support ("Respondent's Motion for Summary Judgment").

(Dkt. No. 8.)   On March 3, 2022, Petitioner filed a response to Respondent's Motion for Summary

Judgment ("Petitioner's Response") (Dkt. No. 11).   On April 21, 2022, after receiving certain

state court documents upon his request, Petitioner filed a Motion for Judgment on the *Pleadings*

(Dkt. No. 14).

Petitioner seeks review of being found guilty by a jury in the 93rd District Court, Hidalgo

County, Texas, for committing murder, and his subsequent sentence to 30 years' imprisonment.

*See* Dkt. No. 1; *In the Matter of D.S., a Child,* 833 S.W.2d 250, 251 (Tex. App.—Corpus Christi 1992, writ denied).   Petitioner seeks review at this stage based on four grounds.   First, that his due process rights were violated when (1) Petitioner's punishment was increased beyond what was prescribed at the time Petitioner committed his crime, and (2) Petitioner was not advised at his parole revocation hearing that he could forfeit "street-time" credits.   (Dkt. No. 1 at 5.)   Second, that Petitioner was subjected to an *ex post facto* violation when he forfeited his "street-time" credits upon revocation of his parole release.   *Id.* at 7.   Third, that by only allowing some prisoners to qualify for "street-time" credits, Petitioner's rights under the Equal Protection Clause were violated.   *Id.* at 8.   And last, Petitioner's Eighth Amendment right against cruel and unusual punishment was violated when (1) he received excessive punishment and forfeited "street-time" credits, and (2) his parole was delayed, claiming his sentence has been discharged.   *Id.* at 10.

Respondent argues Petitioner's claims should be dismissed, because Petitioner has not exhausted his state court remedies before bringing this federal writ pursuant to 28 U.S.C. § 2254(b).   (Dkt. No. 8 at 5.)   Petitioner claims he did exhaust his state court remedies by filing a habeas petition in the state juvenile district court where Petitioner's trial was held.   (Dkt. No. 11 at 1.)

After carefully reviewing the filings, record, and relevant law, and for the reasons set forth below, the claims are not ripe for review as Petitioner has not exhausted his state remedies; therefore, the undersigned recommends Respondent's Motion for Summary Judgment (Dkt. No. 8) be **GRANTED**.   It is further recommended that Petitioner's Motion for Judgment on the Pleadings (Dkt. No. 14), to the extent that it is a cross motion for summary judgment, be **DENIED**, Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, and this cause of action be **DISMISSED without prejudice**.

Finally, it is further recommended that the District Court **DECLINE** to issue a Certificate of Appealability in this matter.

## BACKGROUND

### I.   Criminal Prosecution and Procedural History

#### a.   Allegations & Circumstances of Prosecution

In 1991, based on a jury's verdict, Petitioner was found to be a child who "engaged in delinquent conduct that included a violation of a penal law listed in Texas Family Code § 53.045(a), to-wit: murder."  (Dkt. No. 9-5 at 35-38 (Judgment); *see also* Dkt. No. 9-5 at 22-24 (Jury Verdict).)[1]  And, based on the verdict, the district court found that Petitioner was "in need of rehabilitation and protection of the public or Respondent requires that a disposition be made." (Dkt. No. 9-5 at 36.)   On August 22, 1991, the district court ordered Petitioner to be committed to the Texas Youth Commission with a transfer to the Texas Department of Criminal Justice ("TDCJ"), Institutional Division for a term not to exceed 30 years.  *Id.*

The Judgment of the Juvenile Court appropriately summarized the facts of the prosecution against Petitioner as follows[2]:

1. The Respondent, DANIEL SAENZ, and the victim, Rogelio Cantu Solis were friends.

2. The Respondent, DANIEL SAENZ, planned and deliberated on the killing o [sic] the victim, Rogelio Cantu Solis.

---

[1] Section 53.045(a)(1) sets out, among other offenses, murder as defined under section 19.02 of the Texas Penal Code.  Tex. Fam. Code Ann. § 53.045(a)(1).   Petitioner was charged in the Petition Alleging Child to Have Engaged in Delinquent Conduct in paragraph one with murder in violation of Texas Penal Code § 19.02(a)(1) (1989) and in paragraph four with murder in violation of Texas Penal Code § 19.02(a)(2) *(1989)* and subsequently found guilty by a jury of said allegations.  *See* Dkt. No. 9-5 at 10-12 (Petition), 13-24 (Jury Charge and Verdict).

[2] *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a state court shall be presumed to be correct.   The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

3. The Respondent, DANIEL SAENZ, drove the victim, Rogelio Cantu Solis, to an isolated area in Hidalgo County, Texas and abandoned the victim's body.

4. The Respondent, DANIEL SAENZ, initially denied knowing the whereabouts of the victim, Rogelio Cantu Solis, and later admitted killing the victim.

5. The Respondent, DANIEL SAENZ, used a knife to kill the victim Rogelio Cantu Solis, by stabbing the victim twice.

6. There was no provocation by the victim, Rogelio Cantu Solis, and no defensive wounds or injuries on the Respondent, DANIEL SAENZ.

7. The reputation of the Respondent, DANIEL SAENZ, for being peaceful and law abiding is bad.

8. The Respondent, DANIEL SAENZ, needs a highly structured environment with constant supervision and control.

(Dkt. No. 9-5 at 38 (Attachment "A", incorporated as part of the Judgment).) Petitioner subsequently appealed the conviction. On May 28, 1992, the Court of Appeals of Texas, Corpus Christi-Edinburg, affirmed said conviction and judgment. *In the Matter of D.S.*, 833 S.W.2d at 255. Subsequently, on June 23, 1994, the trial court issued an Order formally transferring Petitioner to TDCJ to serve the remainder of his 30-year sentence. (Dkt. No. 9-5 at 62-63.)

Saenz was released from TDCJ custody to parole on April 10, 2012. (Dkt. No. 8-1 (Exhibit A (Certificate of Parole)); Dkt. No. 9-5 at 119.) However, Petitioner's parole was revoked on February 18, 2020. (Dkt. No. 8-2 (Exhibit B (Revocation Hearing Results)); Dkt. No. 9-5 at 119-20.) Pursuant to Texas Government Code § 508.149(a)(2) and § 508.283(b), Petitioner was not eligible for "street-time" credit because he was serving a sentence for murder at the time of his parole revocation. *See* Dkt. No. 9-5 at 35-38. Thus, Petitioner forfeited the six years, five months, and eight days he spent on parole supervision. *Id.* at 119-20.[3]

---

[3] Prior to the revocation in 2020, the State had issued, executed, and then withdrawn two previous pre-revocation warrants. In each instance, Petitioner received jail credit for time in custody after each arrest. Thus, the forfeited credit is approximately six and half years and not the approximate seven and half years since Petitioner was released in 2012 prior to latest arrest in October 2019 and subsequent revocation in

4

Following his parole revocation, Petitioner submitted a Time Dispute Resolution Form (TDR), which the TDCJ received on March 31, 2020.  *Id.* at 120.  On May 5, 2020, this TDR was denied, stating "HB1649 went into effect 09/1/2001.   You are not eligible for street time."[4] *Id.*

### b.  Habeas Appeal[5]

On August 11, 2020, Petitioner filed a state application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure in the 93rd District Court of Hidalgo County.[6]  (Dkt. No. 9-5 at 84-100.)   On September 25, 2020, the State filed its initial response noting that the issue may be resolved by having the Office of the General Counsel for TDCJ provide relevant documentary evidence regarding Petitioner's parole proceedings.  *Id.* at 102-05.[7] On November 4, 2020, the Hidalgo County District Court entered an Order Designating Issues ("ODI"), directing the Office of General Counsel, TDCJ, to file an affidavit responding to Petitioner's state writ application, which related to parole, jail time credit, and "street-time" credit. *Id.* at 109-12.   On December 2, 2020, Angela Nation, Section Director for Review and Release

---

February 2020 for violating terms of parole.  *See* Dkt. No. 9-5 at 118-21 (Affidavit of TDCJ Program Supervisor setting out Petitioner's record while on parole); *see infra* n.8.

[4] *See infra* Section IV.i. *Ex Post Facto* Clause Claim at 15-17 for an explanation of HB 1649.

[5] Since the conviction and sentence are not being contested in this habeas claim, an in-depth summary of Petitioner's prior appellate process is not necessary.

[6] In the state writ, the claims were similar to claims in the instant writ: (1) Petitioner had a liberty interest in his "street time", (2) Petitioner's due process rights were violated when his "street time" was forfeited upon the revocation of his parole, (3) forfeiture of Petitioner's "street time" pursuant to Texas Government Code § 508.149 and § 508.283 equated to an *ex post facto* violation, and (4) forfeiture of Petitioner's "street time" credit resulted in excessive punishment.  (Dkt. No. 9-5 at 89-94.)

[7] Neither the state prosecutor nor the state district judge questioned the validity of the habeas claim filed under art. 11.07 of the Texas Code of Criminal Procedure.   As will be set forth, this is not the appropriate vehicle for state habeas claim based on juvenile conviction; however, considering the responses of state authorities, it was not unreasonable for Petitioner to conclude that he had appropriately set forth his claims. *See* Dkt. No. 14 at 2 (where Petitioner brings up said point).

Processing, TDCJ, Parole Division, and Charley Valdez, Program Supervisor III for Classification and Records, TDCJ, Correction Institutions Division, filed affidavit testimony in compliance with the court's ODI, along with supporting documents of the revocation proceedings. *Id.* at 118-25. On December 18, 2020, the State filed its supplemental written response addressing the merits of Petitioner's claims in his habeas writ application, along with the affidavits and exhibits of Angela Nation and Charlie Valdez, as well as the State's proposed findings. *Id.* at 170-235.[8]   In summary, the State argued Petitioner was not eligible for "street-time" credit from his time on parole since Petitioner had been convicted of murder under section 19.02 of the Texas Penal Code. *Id.* at 174-75 (citing in support of decision Tex. Gov't Code §§ 508.149(a)(2), 508.283(c)).

On December 18, 2020, the trial court filed its "Findings of Facts, Conclusions of Law, Recommendation, and Order," recommending Petitioner be denied relief and ordering the Clerk to forward the necessary records to the Texas Court of Criminal Appeals (TCCA).   (Dkt. No. 9-5 at 240-46.)   Within the Order, the trial court agreed with the State that Petitioner was not entitled to "street-time" credit pursuant to § 508.283(c).   *Id.* at 244-45.   On June 9, 2021, the TCCA dismissed the writ without written order, stating "Juvenile Matter."   (Dkt. No. 9-1.)   On May 21, 2021, Petitioner submitted a letter to the Clerk of the Court of Criminal Appeals inquiring what "juvenile matter" meant and asking if Petitioner had violated the procedures under article 11.14. (Dkt. No. 9-2 at 1); *see also* Tex. Code Crim. Proc. Ann. art. 11.14 (setting forth requisites for a habeas petition.)   On or about June 24, 2021, Petitioner filed a Motion for Re-Hearing, but it was dismissed June 30, 2021.   (Dkt. No. 9-3.)

---

[8] Angela Nation's affidavit summarized Petitioner's parole revocation hearing.   (Dkt. No. 9-5 at 177-80.) Charley Valdez's affidavit explained that with the revocation of Petitioner's parole, Petitioner forfeited "street-time" credit of six years, five months, and eight days as well as any previously accrued credit for good time.   *Id.* at 224-27.

Next, Petitioner filed a federal habeas corpus petition on August 11, 2021; however, Petitioner placed the federal habeas petition into the prison mail system on August 9, 2021.[9]   (Dkt. No. 1 at 15.)

## II. Summary of the Pleadings

Petitioner asserts four grounds in his § 2254 petition.   (Dkt. No. 1.)   First, that his due process rights were violated when (1) his punishment was increased beyond what was prescribed at the time Petitioner committed his crime, and (2) he was not advised at his parole revocation hearing that he could forfeit "street-time" credits.   *Id.* at 5.   Second, that Petitioner was subjected to an *ex post facto* violation when he forfeited his "street-time" credits upon revocation of his parole release.   *Id.* at 7.   Third, that by only allowing some prisoners to qualify for "street-time" credits, Petitioner's rights under the Equal Protection Clause were violated.   *Id.* at 8.   And last, Petitioner's right against cruel and unusual punishment was violated when (1) he received excessive punishment and forfeited "street-time" credits, and (2) his parole was delayed, claiming his sentence has been discharged.   *Id.* at 10.   Attached to Petitioner's application for his state writ was an affidavit where Petitioner argues he is "being treated under an Expost Facto [sic] Law violation Due Process and cruel and unusual punishment being held wrongfully," citing the Constitution.   (Dkt. No. 1-2 (emphasis original).)

On February 9, 2022, State submitted Respondent's Motion for Summary Judgment with Brief in Support.   (Dkt. No. 8.)   First, State acknowledges this Court has jurisdiction because Petitioner was adjudicated in Hidalgo County, which is within the Southern District of Texas,

---

[9] Petitioner signed on August 9, 2021, that he would submit the petition to officials on August 9, 2021. (Dkt. No. 1 at 15.)   Federal habeas petitions follow the prison mailbox rule, where the petition is deemed filed when the *pro se* prisoner submits the petition to prison authorities.   *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).   The envelope stamp says August 11, 2021, which is the day the District Court received the petition, but the date of filing for this habeas review is August 9, 2021.   *See* Dkt. No. 1-4.

McAllen Division.   (Dkt. No. 8 at 1 (citing 28 U.S.C. §§ 124(b)(7), 2241(d)).)   Next, State argues

Petitioner failed to properly exhaust his claims in state court, as is required by 28 U.S.C. § 2254(b),

(c).   (Dkt. No. 8 at 7.)

On March 3, 2022, Petitioner submitted a response to Respondent's Motion for Summary

Judgment.   (Dkt. No. 11.)   Petitioner asserts this Court has jurisdiction over his petition not only

through 28 U.S.C. § 2254, but also through 28 U.S.C. § 1651 regarding writs.[10]   *Id.* at 1.

Petitioner asserts that first, he was convicted on December 17, 1990 in a Hidalgo County District

Court before the Honorable Judge Fernando Mancias.   *Id.*   Then, Petitioner returned in June of

1994 to the same court and in front of Judge Mancias again, this time to be sentenced as an adult.

*Id.*   Petitioner then argues he filed his habeas writ in the state juvenile district court where his trial

was held.[11]   *Id.*   Liberally construed, as is required of the Court to treat a *pro se* petitioner,[12]

Petitioner makes an argument that since he visited the same district court twice and filed a habeas

writ to a juvenile district court, that he exhausted his state remedies.   *See id.*

Further, Petitioner reiterates his arguments in previous pleadings regarding the "*Ex Post*

*Facto* Clause" and Respondent's failure to address "Ground One's Federal Rule 11 allegations."

(Dkt. No. 11 at 2.)   In sum, Petitioner is again contesting the fairness of his sentence given he

---

[10] Petitioner seems to believe that since section 1651 states, "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" that a district court will have jurisdiction over all writs, including his. However, as is detailed below, that is not correct.

[11] There is no evidence in the record that Petitioner has submitted a habeas writ to any state juvenile district court; however, the undersigned believes Petitioner is referencing his petition before the court of trial and conviction - 93rd District Court, Hidalgo County, Texas.  *See infra* n.12.

[12] A *pro se* petitioner is entitled to a more liberal construction of his filings, as *pro se* pleadings are held to less stringent standards than those drafted by practicing attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Peña v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [Plaintiff] is pro se, [the Court will] construe his pleadings liberally.").

allegedly was not advised of the possibility of losing "street-time" credits upon revocation.  *See id.*

Finally, Petitioner objected to Respondent not serving Petitioner a copy of the state court records and made a request for said records.  (Dkt. No. 11 at 1-2.)   Subsequently, on March 7, 2022, the undersigned issued an order granting Petitioner's request.  (Dkt. No. 12.)   The Clerk then sent Petitioner those documents relied upon by Respondent in his Motion for Summary Judgment.  *See* Dkt. Data Entries dated March 7, 2022 and March 22, 2022.   Petitioner received said documents, and then submitted a Motion for Judgment on the Pleadings on April 21, 2022.  (Dkt. No. 14.)   In said motion, Petitioner reaffirms his arguments presented in prior pleadings.  *See id.*

Petitioner prays for the Court to grant his habeas petition "by correcting [his] cause of action Showing Reasonable Doubt of [his] guilt, and this Court set [sic] an Immediate Hearing in [his] Release from Custody and to [his] Family."   (Dkt. No. 1 at 16.)   Petitioner also prays the Court grant the Summary Judgment[13] "in his favor" and follows up said prayer for relief with reliance on Article V, Section 8 of the Texas Constitution.[14]   (Dkt. No. 11 at 3.)

## **APPLICABLE LAW & ANALYSIS**

### I.  **Summary Judgment Review**

---

[13] A motion for a judgment on the pleadings is allowed per Federal Civil Procedure Rule 12(c), but, based on the arguments presented, Petitioner is seeking a summary judgment motion in his favor and said motion will be treated as such.  *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (noting that it is appropriate for a court to recharacterize a *pro se* prisoner's filing based on the content and "essence of the prisoner's claims" and not the label of said filing); Fed. R. Civ. P. 12(d) (noting a request for judgment on the pleadings *must* be treated as a motion for summary judgment when matters outside the pleadings are presented and considered).

[14] Article V, Section 8 sets out jurisdiction of state district courts. TEX. CONST. art. 5, § 8.

Respondent has formally filed a Motion for Summary Judgment.   (Dkt. No. 8.)   Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   Once the movant for summary judgment presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."   *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).   Within this review, a district court must generally construe disputed facts in a light favorable to the nonmoving party.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   In the context of a habeas petition, however, the applicant bears "the burden of rebutting the presumption of correctness [of the state court's factual determinations] by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).

"When parties file cross-motions for summary judgment, [the court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party."   *Rangel v. Saul*, No. 5:19-CV-31, 2020 WL 3546875, at *2 (S.D. Tex. Mar. 8, 2020) (citing *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (internal citation and quotation marks omitted)).   Each party "bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law."   *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed. 1998)).   "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, the court may render summary judgment."   *Id.* (citations omitted).

The Federal Rules of Civil Procedure apply so long as there is not a conflict with the Rules governing federal habeas proceedings.   *Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) (citing

Fed. R. Civ. P. 81(a)(4); R. Gov. Sec. 2254 Cases 12).   Therefore, these claims are reviewed pursuant to Federal Civil Procedure Rule 56(a) unless there is a noted conflict with the Rules Governing § 2254 Cases.

## II. 28 U.S.C. § 2254

An application for a writ of habeas corpus by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States.   28 U.S.C. § 2254(a).   Federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).   Relief, therefore, is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

However, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.   In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c).   The exhaustion requirement "is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (internal quotation marks and citations omitted).   The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule]

creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Id.* (internal quotation marks, citations and footnote omitted). When a petitioner has properly raised a federal constitutional claim before the state courts, "and the state courts have adjudicated the merits of their merits, AEDPA provides for a deferential federal review." *Ramey v. Davis*, 314 F. Supp. 3d 785, 802 (S.D. Tex. 2018).

If a petitioner fails to adequately set forth the claim for review before the state court, said petitioner has not exhausted his state remedies and is precluded from bringing forth the claim for the first time in federal court. *See* 28 U.S.C. § 2254(b)(1). Similarly, if the claim is reviewed but the state court rejects it on procedural grounds, the claim is also barred from federal habeas review. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). However, the federal bar of review in each instance can be set aside if the petitioner can establish "cause" for the noted default and "actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"While 'the Framers considered the writ a vital instrument for protection of individual liberty,' . . . federal courts traditionally rely on principles of finality, comity, and federalism to narrow the scope of federal habeas review." *McGowen v. Thaler*, 717 F. Supp. 2d 626, 637 (S.D. Tex. 2010) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

### III. Plaintiff Failed to Properly Exhaust His State Court Remedies

Pursuant to 28 U.S.C. § 2254(b), (c), Petitioner must properly exhaust his claims in state court before further pursuing his claims in federal court. Petitioner has not done this.

To properly exhaust state court remedies, a petitioner must "first present the substance of his federal claims to the highest state court either through direct appeal or by state collateral review

procedures." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009) (citation omitted).   And a petitioner must fairly present his claims before the state courts in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citation omitted).

Article 11.07 of the Texas Rules of Criminal Procedure provides "procedures for an application for writ of habeas corpus in which the applicant seeks relief from [the final *conviction* of] a felony judgment imposing a penalty other than death."   Tex. Code Crim. Proc. Ann. art. 11.07, § 1; *see also id.* § 3(a), (b) ("After final conviction in any felony case, the writ must be made returnable to the [TCCA] at Austin, Texas.").   In Texas, juvenile adjudications are not "convictions" for the purposes of article 11.07.  *See Ex parte Valle*, 104 S.W.3d 888, 889 (Tex. Crim. App.—Fort Worth 2003, pet. denied).   Despite the quasi-criminal nature of juvenile court proceedings, the Texas legislature "determined that delinquency proceedings are of a civil nature and are not to be treated as criminal matters unless specifically mandated."  *Id.*   Therefore, even a juvenile offender who, upon adulthood, is transferred to the TDCJ cannot be granted habeas relief through article 11.07.   *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (citing *Ex parte Valle*, 104 S.W.3d at 889) (other citation omitted).   And, the Texas Supreme Court, not the TCCA, is the court of last resort when seeking state habeas relief.   *In re Dorsey*, 465 S.W.3d 656, 656-57 (Tex. Crim. App. 2015) (Richardson, J., concurring).

Further, even when a petitioner is not contesting his sentence, but rather, contesting his forfeiture of "street-time" credits upon revocation of his parole, article 11.07 is still the improper vehicle for pursuing his rights.  *See In re Dorsey*, 465 S.W.3d at 656-57.   In *In re Dorsey*, an inmate imprisoned due to a juvenile murder adjudication sought state habeas relief under article 11.07.  *Id.* at 656.   This requested relief was based on the forfeiture of "street-time" credits upon revocation of his parole for a DWI.  *Id.*   After the petitioner had already asked for relief in

multiple prior writs, and when the juvenile court did not respond to the petitioner's article 11.07 application, the petitioner sought a mandamus from the TCCA. *Id.* at 656. The court explained in a concurring opinion drafted by Judge Richardson that the petitioner must submit his claims to the trial court under Article V, Section 8 of the Texas Constitution. *Id.* at 657. Article V, Section 8 of the Texas Constitution gives "District Court judges ... the power to issue writs necessary to enforce their jurisdiction." *Id.* (citing *Ex parte Valle,* 104 S.W.3d at 890). The judge continued, "If the [trial court] does not respond, then [the petitioner] may seek relief by way of writ of mandamus issuing from the intermediate appellate court." *In re Dorsey*, 465 S.W.3d at 657 (citing TEX. CONST. art. 5, § 6(a)).

The facts in the instant case are almost identical to those in *In re Dorsey*. Petitioner attempted to file a state writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, however, because his imprisonment stems from a juvenile adjudication, Petitioner used the improper vehicle to raise his claims. To seek relief, Petitioner must file an application for writ of habeas corpus under Article V, Section 8 of the Texas Constitution with the 93rd District Court of Hidalgo County. If denied, any appeal will need to be to the Texas Supreme Court instead of the Texas Court of Criminal Appeals. *See In re D.G.*, No. 13-17-00300-CV, 2017 WL 6047554, at *1 (Tex. App.—Corpus Christi 2017, no pet.) (citing *In re Dorsey*, 465 S.W.3d at 656; *In re Hall*, 286 S.W.3d 925 at 927).

Accordingly, the undersigned recommends Petitioner's petition before this Court be dismissed without prejudice.

### IV. Petitioner's Claims

In the alternative, even if the claims had been properly exhausted with the state courts and appropriately presented before this Court, said claims are without merit for proper federal habeas

review.   Whether the prior or modified version of § 508.283(b) applied, Petitioner was not going to receive "street-time" credit.

    i.   *Ex Post Facto* Clause Claim

      First, Petitioner sets forth that he did not get fair notice that the legislature would increase the punishment beyond what was prescribed to him when the crime was committed.   (Dkt. No. 1 at 5.)   Petitioner asserts he was denied credit for "street time" he is "entitled to", because the State failed to review the legislative history of the statute in place at the time of his conviction and offense.   *Id.* at 3.   Petitioner argues that this violates due process because at the time of his conviction, the "71st legislature 93rd House Bill" was in place and "the new version of the parole revocation provisions 508.149 and 508.283" did not exist, so those statutes should not apply to his case.   *Id.* at 3, 7.   Petitioner states, "I was never advised of the possibilities of my street time being eliminated and added to my sentence, increasing [the] excessive punishment of 37 years." *Id.* at 5.

      "Simply put, *ex post facto* laws prohibit states from enacting laws that, 'by retroactive application, increase the punishment for a crime after its commission.'"   *Howard v. Clark*, 719 F.3d 350, 353 (5th Cir. 2013) (quoting *Garner v. Jones*, 529 U.S. 244, 249 (2000)); *see also* U.S. Const. art. 1, § 10, cl. 1 ("No state shall. . . pass any . . . *ex post facto* Law").   "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision."   *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004). "Under Texas law, eligibility for credit is determined by the statute in effect upon the revocation of parole."   *Miller v. Thaler*, No. CIV.A H-10-0496, 2010 WL 3199357, at *2 (S.D. Tex. Aug. 11, 2010) (citing *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009)).

Under House Bill 1649 in 2001, section 508.283(b) of the Texas Government Code was modified noting that if the parole "of a person described by Section 508.149(a)" of the Texas Government Code is revoked, then the individual may be required to serve their remaining sentence without credit for the individual's release on parole.   Section 508.283(c) of Texas Government Code also noted that if parole is revoked for an individual "other than a person described by Section 508.149(a)", credit may be received for his or her time on parole if certain conditions are met.  *See* ORGANIZATION AND DUTIES OF THE BOARD OF PARDONS AND PAROLES AND THE CONSEQUENCES OF THE REVOCATION OF PAROLE OR MANDATORY SUPERVISION, 2001 Tex. Sess. Law. Serv. Ch. 856 (H.B. 1649) (Vernon's). A conviction for first- or second-degree murder under Penal Code § 19.02 was (and still is) listed within the specified section.  *Cf.* Tex. Gov't Code § 508.149(a)(2) (2001) *with* Tex. Gov't Code § 508.149(a)(2) (2021).

In *Miller v. Thaler*, No. CIV.A H-10-0496, 2010 WL 3199357, at *3 (S.D. Tex. Aug. 11, 2010), a petitioner who had been convicted of aggravated robbery, a first-degree felony in 1983, was not eligible for "street-time" credit, thus leading to his habeas petition.  The petitioner argued § 508.283(b) did not apply to his parole revocation because he was convicted before § 508.149(a) was enacted and that, consequently, § 508.283(c) controlled whether he was entitled to credit for his "street time."  *Miller*, 2010 WL 3199357, at *3.   The court denied the habeas petition, because the petitioner "would have been required to forfeit credit for all street time accrued regardless of the prevailing statutory scheme, and therefore he has suffered no detriment from the application of the current law."  *Id.* at *5.

Similarly, based on the amendments to § 508.283(b) under House Bill 1649 and the statutes in effect as of the time of Petitioner's parole revocation, an individual convicted of murder, such

as Petitioner, does not receive any credit for the time he was on parole. *See* Tex. Gov't Code §§ 508.283(b) (2003), 508.149(a) (2001). And, under the version of the law prior to the 2001 modification, neither Petitioner nor any other parole violator was eligible for "street-time" credit. *Ex parte Spann*, 132 S.W.3d at 393, 393 n.7; *see also Thompson v. Cockrell*, 263 F.3d 423, 426 n.2 (5th Cir. 2001) (noting "[t]he statutory language [of section 508.283(b)] has remained substantively unchanged since 1965" (citing *Ex parte Canada*, 754 S.W.2d 660, 661 n.2 (Tex. Crim. App. 1988)), superseded by statute as stated in *Rhodes v. Thaler*, 713 F.3d 264 (5th Cir. 2013). In effect, Petitioner never had a right to any "street time", and a "loss" of any "street time" accrued under any modified statute would not increase the punishment for his crime. *See Weaver v. Graham*, 450 U.S. 24, 29 (1981) ("[O]ur [Supreme Court] decisions prescribe that two critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, . . . , and it must disadvantage the offender affected by it." (footnote citations omitted)); *see also Chandler v. Stephens*, No. CIV.A. H-14-3547, 2015 WL 3728771, at *6 (S.D. Tex. June 15, 2015) (same). Accordingly, there is no *ex post facto* violation because the modified law did not increase the punishment for Petitioner's crime.

### ii. Due Process Clause Claim

In addition, Petitioner contends his right to due process was violated because of "deprivation of a protected liberty interest by eliminating [his] street time credits upon revocation . . ." and "added" the six years, five months, and eight days he spent on parole to his sentence. (Dkt. No. 1 at 7.)

To succeed on a Due Process Claim under the Fourteenth Amendment, Petitioner needs to establish that he has a "liberty interest" to his claimed "street-time" credit. *Rhodes*, 713 F.3d at 266. Said "liberty interest[] may arise from the Due Process Clause or from state law." *Id.* at

266 & n.9 (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).   "The Due Process

Clause does not create a protected liberty interest in street-time credit."   *Garza v. Davis*, No. CV

H-15-2720, 2017 WL 896604, at *3 (S.D. Tex. Mar. 7, 2017) (citing *Rhodes*, 713 F.3d at 266 &

n.9) (additional citation omitted); *see also Hunter v. Lumpkin*, No. 19-40806, 2021 WL 1235452,

at *1 (5th Cir. Feb. 25, 2021).   Thus, whether there is a protected liberty interest hinges on state

law.

To potentially receive credit for "street time" under the version of statute § 508.283(c)

(2003) in effect at the time of Petitioner's revocation in 2020, and thus the controlling version of

this statute, two conditions must have been met: (1) the state conviction was not one listed in §

508.149(a) (2001); and (2) "on the [revocation] summons date, the remaining portion of an

applicant's sentence [was] less than the time spent on parole, [allowing the applicant to] receive[]

street-time credit for the amount of time spent on parole."   *Vegia v. Stephens*, No. 2:14-CV-00332,

2015 WL 1802806, at *5 (S.D. Tex. Apr. 17, 2015) (citing *Ex Parte Spann*, 132 S.W.3d 390, 392-

93 (Tex. Crim. App. 2004)).   In that situation, the Fifth Circuit has recognized there may be a

protected liberty interest.   *Vegia*, 2015 WL 1802806, at *5 (citing *Whitely v. Dretke*, 111 F. App'x

222, 223 (5th Cir. 2004)); *see also Miller*, 2010 WL 3199357, at *4 (same).

However, as described in the previous section, Petitioner did not satisfy these conditions.

Accordingly, Petitioner never had a right to—nor liberty interest in—the "street-time" credit he

accrued.   And because Petitioner does not have a liberty interest in the "street-time" credits, there

could be no due process violation in this context.[15]   *See Rhodes*, 713 F.3d at 267; *Hunter*, 2021

WL 1235452, at *1; *Garza*, 2017 WL 896604, at *4; *Miller*, 2010 WL 3199357, at *4.

---

[15] Petitioner has set out that "he was never advised of the possibility of forfeiture of 'street time'" and this
too was a violation of his constitutional rights.   *See* Dkt. No. 14 at 3, ¶ 5; Dkt. No. 1 at 5.   However, such
lack of notice is not a due process violation for, as noted, Petitioner does not have a liberty interest in said
credit.   Further, forfeiture of the "street-time" credit is mandatory by statute.   In other words, "[b]ecause

iii. Equal Protection Clause Claim

Petitioner argues that his punishment is excessive and more severe as it lengthened his 30-year sentence to a 37-year sentence, that this additional time was unauthorized, and that this caused a "lack of uniform equity", resulting in an Equal Protection Clause violation under the Fourteenth Amendment. (Dkt. No. 1 at 8.) The undersigned notes Petitioner does not raise an adequate claim to demonstrate an equal protection violation.

The Fourteenth Amendment's Equal Protection Clause "promise[s] that no person shall be denied the equal protection of the laws"; however, that promise "must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996) (citations omitted). Therefore, "if a law neither burdens a fundamental right nor targets a suspect class," the law will be upheld "so long as it bears a rational relation to some legitimate end." *Id.*

In this instance, the State of Texas has set out a series of serious crimes that do not qualify for "street-time" credit. *See* Tex. Gov't Code § 508.283(c) (2003). First, there is no right to parole or, as set out above, right to "street-time" credit. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") And, second, such classification does not target a suspect class. *See* Tex. Gov't Code § 508.149(a); *De Leon v. Perry*, 975 F. Supp. 2d 632, 650 (W.D. Tex. 2014) (providing examples of suspect classifications: race, national origin, and alienage), *aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015).

---

the forfeiture was mandatory [upon revocation], the lack of notice . . . did not violate the Due Process clause." *See Osborne v. U.S. Dist. Court, S. Dist. of Mississippi, Biloxi, MS*, 132 F.3d 1456, 1456 (5th Cir. 1997) (unpublished) (per curiam) (citing *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989)); *Price v. Dir., TDCJ-CID*, No. 3:20-CV-01302-L (BT), 2021 WL 1725532, at *2 (N.D. Tex. Mar. 5, 2021), *report and recommendation adopted*, No. 3:20-CV-1302-L-BT, 2021 WL 1720220 (N.D. Tex. Apr. 30, 2021) (same).

Therefore, "[m]andating revocation of parole and forfeiture of street time for certain classes of prisoners based upon their underlying conviction is not a denial of equal protection." *Miller*, 2010 WL 3199357, at *4.

Petitioner cannot, as he does here, base an Equal Protection Clause claim solely on a complaint that Petitioner does not approve of the State of Texas's classification system for "street-time" credit eligibility based on underlying convictions. Such a classification concerning a legitimate State interest does not provide a basis for an equal protection claim and, as such, Petitioner has no claim.

iv. <u>Eighth Amendment Claim</u>

Finally, Petitioner argues that taking away his "street-time" credit is a violation of the Eighth Amendment due to the "cruel and unusual" nature of the punishment.   (Dkt. No. 1 at 10.)

Revocation of a person's parole without crediting said person for his or her "street time" is not cruel and unusual punishment. *See Gordon v. Quarterman*, No. 3:05-CV-0115-H, 2006 WL 3420138, at *3 (N.D. Tex. Nov. 27, 2006).   Notably, following a person's incarceration, "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1997) (citations and internal quotation marks omitted).   After one's incarceration, a person may be released on parole.   A revocation of a person's parole is neither cruel nor unusual punishment as it does not constitute unnecessary and wanton infliction of pain. *Russell v. Cockrell*, No. 3:01-CV-1425-D, 2003 WL 21750862, at *3 (N.D. Tex. July 25, 2003) (citing *United States ex rel. Lawson v. Cavell*, 425 F.2d 1350, 1352 (3d Cir. 1970)).   Further, "resuming one's sentence upon revocation of parole without 'credit for time spent on the revoked parole ... does not offend the constitutional provisions relating to due process nor to cruel and unusual punishment.'" *Id.* (citations omitted).

v. Summary of Claims

Petitioner's claims revolve around the simple issue of credit for "street time" upon revocation of parole.   Based on the arguments and record presented, the dispute pertains to the application of the law, not the facts.   If appropriately considered, the claims are meritless.   The claims either do not involve a constitutional claim warranting federal habeas review or, alternatively, the claims do not involve a decision by state authorities that is "contrary to" federal and constitutional law or involves "an unreasonable application of clearly established federal law, as determined by the Supreme Court."   28 U.S.C. § 2254(d).   Thus, even if the exhaustion requirement had been met, the habeas petition should still be denied.

**CONCLUSION**

*Recommended Disposition*

After a careful review of the record and relevant law, Petitioner's claims have not been exhausted in state court; therefore, the undersigned recommends Respondent's Motion for Summary Judgment with Brief in Support (Dkt. No. 8) be **GRANTED**.

Accordingly, it is also recommended that Petitioner's Motion for Judgment on the Pleadings (Dkt. No. 14), to the extent it is a cross motion for summary judgment, and Petitioner's § 2254 habeas petition (Dkt. No. 1) be **DENIED**, and this cause of action be **DISMISSED without prejudice**.

Finally, Petitioner's § 2254 case should be closed.

*Certificate of Appealability*

The undersigned recommends the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   The § 2254 rules

instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When a claim is denied on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002). A petitioner may satisfy this requirement by showing, in the alternative, that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Jones*, 287 F.3d at 329. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's request to have this Court review the federal habeas petition is recommended to be dismissed because Petitioner did not exhaust his state law remedies, as is required. Therefore, Petitioner's instant petition is not ripe for review. Reasonable jurists would not find it debatable that Petitioner has not set forth a valid claim of denial of a constitutional right

or that the court was incorrect in its procedural ruling as to each of the claims being unexhausted in state court.

Therefore, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and Respondent.

**DONE** at McAllen, Texas, this 23rd day of May, 2022.

Juan F. Alanis
United States Magistrate Judge